IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT OMAHA, NEBRASKA

| | |
|---|---|
| JARED L. WHITT, | ) Case No.: _____ |
| | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT AND REQUEST FOR** |
| vs. | ) **JURY TRIAL** |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, a | ) |
| Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

COMES NOW Plaintiff, Jared L. Whitt, by and through his attorneys, James L. Cox, Jr., of Brent Coon & Associates, PC, and by way of claim against Defendant alleges, avers and states:

## **GENERAL ALLEGATIONS**

1. At all times herein mentioned, Defendant, Union Pacific Railroad Company, a Delaware corporation, was and is now a duly-organized and existing corporation doing business in the States of Nebraska, Illinois, and other states, with its principal place of business in Omaha, Nebraska.

2. Defendant was at all times herein mentioned and now is engaged in the business of a common carrier by railroad in interstate commerce in Nebraska, Iowa, and other states.

3. At all times herein mentioned, part of Plaintiff's duties as an employee of Defendant were in the furtherance of and directly or closely or substantially affected said interstate commerce.

4. The injuries sustained by Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

5. Plaintiff brings this action against Defendant under the provisions of 45 U.S.C., §§ 51 to 60, *et. seq.* ("The Federal Employers' Liability Act"), regulations promulgated under the authority of those sections, other federal safety laws, and applicable state safety laws.

6. Under the terms of the Federal Employers' Liability Act this court has jurisdiction.

## **FIRST CLAIM FOR RELIEF**
45 U.S.C. § 51-60 (Left arm injury, approximately June 12, 2012)

7. Plaintiff incorporates herein Paragraphs 1-6 of GENEARL ALLEGATIONS.

8. On or about June 12, 2012, Plaintiff was employed as an anchor applicator machine operator on Union Pacific Railroad Gang No. 8501 in Defendant's Proviso Yard, near Chicago, Illinois.

9. On that date, Plaintiff was loading a bag of anchors into the hopper on the anchor machine that had been assigned to him.

10. The anchor machine which was assigned to Plaintiff did not have a crane to lift bags of anchors into the hopper. Plaintiff had to lift the bags of anchors into the hopper manually. In the process of lifting a bag of anchors into the hopper, he felt a pain in his left arm.

11. At the time and place of Plaintiff's left arm injury, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

   (a) the duty to provide Plaintiff with adequate assistance, human or mechanical, to lift the bag of anchors into the hopper on the anchor machine; and

   (b) the duty to package the anchors in packages that can be lifted safely above one's waist without the risk of injury if no human or mechanical assistance is to be provided.

12. Defendant, through its agents, servants and employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer an injury to his left arm.

13. Plaintiff's injuries to his left arm may have predisposed him to injury in the heat stroke injury set forth in his Second Claim for Relief.

14. Plaintiff's injuries hereinabove enumerated may have impaired Plaintiff's ability to enjoy life and may impair in the future Plaintiff's ability to enjoy life.

15. By reason of the facts hereinabove stated and the injury caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization. Plaintiff is informed and believes and therefore alleges that he may require further medical attention as a result of said injury.

16. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff may incur a further indebtedness for medical attention.

17.     By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff may have sustained loss of wages and loss of fringe benefits in the past, and may in the future sustain loss of wages, impairment of earning capacity, and loss of fringe benefits, all to his damage.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF
45 U.S.C. § 51-60 (Heat stroke injury and sequelae)

18.     Plaintiff incorporates herein Paragraphs 1-6 through of GENEARL ALLEGATIONS, and Paragraphs 8-17 of First Claim for Relief.

19.     On June 28, 2102, Plaintiff was employed by Defendant, Union Pacific Railroad Company, as an anchor applicator machine operator on System Gang 8501, in Defendant's Proviso Yard near Chicago, Illinois.

20.     June 28, 2012 was a very hot day with high humidity.  Plaintiff was operating an anchor machine, a track-mounted machine with a large diesel engine that generates a lot of heat when being operated.

21.     Plaintiff attempted to remain hydrated.  He drank several bottles of water before lunch, and several bottles of water after lunch.

22.     At approximately 4:00 p.m., Plaintiff felt that his body was getting weak, and he was beginning to feel really tired.  He began experiencing numbness and tingling in his lips.  His hands and arms began tingling, with the sensation running up his arms.  He experienced similar sensations in his feet and legs.  Plaintiff got off his machine and walked over to the side of the tracks and sat down in the shade of some semitrailers that were there.  He was approached by Assistant Foreman Eddie Ornales, who asked him if he was okay.  Mr. Ornales suggested that Plaintiff walk over to a truck, but Plaintiff was not able to.  Plaintiff was loaded into Mechanical Supervisor Dave Birt's truck and told by Mr. Birt that he was going to take Plaintiff to the doctor.  At that time, Plaintiff's arms and hands had begun to contract, or seize up, with his wrists, arms, and shoulders flexed.

23.     As Mr. Birt was driving Plaintiff to the hospital, Plaintiff recalls Mr. Birt receiving a phone call from Manager Talmadge.  Plaintiff recalls hearing Mr. Birt describing his symptoms to Mr. Talmadge.  Mr. Talmadge insisted that Plaintiff be brought back to the staging area.  Mr. Birt suggested that he continue to take Plaintiff to the hospital.  Mr. Talmadge instructed Mr. Birt to bring Jared back to the briefing area.  Upon returning to the briefing area, Plaintiff was placed in front of an air condition and water poured over his arms and a cooler tube

placed around his neck. This procedure continued until about 6:30 p.m., when Plaintiff was released and told to return to his motel room, where he was staying while on the gang.

24. That evening, Plaintiff called his wife and father and explained to them what had happened and how he was feeling. They urged Plaintiff to go to the emergency room at the hospital. Plaintiff's roommate, Ray Wiesen, drove Plaintiff to Elmhurst Memorial Healthcare Emergency Room where he was examined and treated.

25. The next morning, June 29, Supervisor Linford called Plaintiff and told him he had to make an appearance at the gang that morning. After his appearance, he was taken back to his hotel room, where Plaintiff tried to rest the remainder of the day.

26. On the last day of the work cycle, Plaintiff's wife drove to Chicago to pick Plaintiff up and drive him to their home in Gallatin, Missouri. Plaintiff attempted to return to work on July 9, 2012, but his left hand continued to swell, and he continued to have pain and numbness in his hand and arm.

27. On July 12, because of continuing symptoms, Plaintiff was taken by Supervisor Linford back to Elmhurst Memorial Healthcare Emergency Room.

28. Plaintiff has been off work since July 14, 2012.

29. Plaintiff has been treated for residuals of the heat stroke, and has been diagnosed with thoracic outlet syndrome (left), brachial plexus lesions (left), carpal tunnel syndrome (left), and ulnar neuropathy (left).

30. At the time and place of Plaintiff's injury, Defendant, Union Pacific Railroad, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

      (a)     the duty to investigate, institute, and implement reasonably safe methods and procedures for the performance of the work;

      (b)     the duty to investigate, institute, and implement reasonably safe methods and procedures to educate and train Plaintiff and his supervisors to recognize and guard against the signs and symptoms of heat stroke;

      (c)     the duty to investigate, institute, and implement reasonably safe methods and procedures to train its supervisors in how to respond appropriately to an employee manifesting signs and symptoms of heat stroke;

    (d)    the duty to comply with its own rules regarding job safety briefing, and emergency response plans, in the case of an employee evidencing signs and symptoms of heat stroke; and

    (e)    the duty to comply with 49 U.S.C. § 20109(c)(1):

> "A railroad carrier or person covered under this section may not deny, delay, or interfere with the medical or first aid treatment of an employee who is injured during the course of employment. If transportation to a hospital is requested by an employee who is injured during the course of employment, the railroad shall promptly arrange to have the injured employee transported to the nearest hospital where the employee can receive safe and appropriate medical care."

31. Defendant, through its agents, servants and employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer the injuries hereinabove enumerated.

32. Plaintiff's injuries hereinabove enumerated have been painful and disabling, and for an indefinite time in the future will be painful and disabling, and have and will in the future cause Plaintiff mental and physical pain and suffering.

33. Plaintiff's injuries hereinabove enumerated have impaired Plaintiff's ability to enjoy life and will impair in the future Plaintiff's ability to enjoy life.

34. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization. Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

35. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention.

36. By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity, and loss of fringe benefits, all to his damage.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

Signed at Denver, Colorado this 5th day of October, 2012.

                                              s/James L. Cox, Jr.
                                              James L. Cox, Jr., Nebraska Bar #20223
                                              Attorney for Plaintiff
                                              BRENT COON & ASSOCIATES, PC
                                              3801 E. Florida Ave., Suite 905
                                              Denver, CO  80210-2500
                                              Telephone: (303) 756-3243
                                              Fax: (303) 756-3595
                                              jim.cox@bcoonlaw.com

<u>Plaintiff's Address:</u>
28507 230th Rd.
Gallatin, MO  64640-8128