IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JARED L. WHITT,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　　　　Defendant. | 8:12CV358<br><br>SECOND AMENDED ORDER FOR INITIAL PROGRESSION OF CASE |

This matter is before the court on the parties' Joint Motion for Extension of all Deadlines (Filing No. 38).  The parties' motion is granted as set forth below.

　　IT IS ORDERED:

　　1.　　The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1.  The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served.  **Note: Disclosures that are filed should be redacted so no personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.**

　　2.　　**Withholding Documents from Disclosure or Discovery.**  If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

　　3.　　**Limits on Discovery.**  Each party is limited to serving **one hundred (100)** interrogatories on any other party.  The plaintiffs as a group, and the defendants as a group, are each limited to taking **eight (8)** depositions in this case, without leave of court.

　　4.　　**Adding Parties; Amending Pleadings.**  Any motion to amend pleadings and/or add parties shall be filed **not later than September 2, 2013**, by the plaintiff, and **not later than September 30, 2013**, by the defendant.

　　5.　　**Planning Conference.**  A telephone conference with the undersigned magistrate judge will be held **on November 8, 2013, at 10:00 a.m.**, for the purpose of

reviewing the preparation of the case to date and the scheduling of the case to trial. **Plaintiff's counsel shall initiate the call.** (At the request of the parties, the conference may be held in chambers). Prior to the conference counsel for the parties shall have:

      a.    Disclosed the names, addresses, and affiliations with any party of all non-expert witnesses;
      b.    Disclosed at least the names and addresses of all expert witnesses expected to testify for that party at trial;
      c.    Completed a conference with opposing counsel concerning outstanding discovery disputes as required by NECivR 7.1(i);
      d.    Discussed with opposing counsel plans for completing the depositions of expert witnesses and other remaining discovery and the filing of motions for summary judgment;
      e.    Provided their report(s) on the status of mediation and other settlement efforts as required in paragraph 2, above; and
      f.    Discussed with opposing counsel any other matters which may influence the setting of this case for trial.

      6.    **Identification of Expert Witnesses**. The parties shall disclose at least the names and addresses of all expert witnesses expected to testify for that party at trial, as soon as practicable but not later than **September 13, 2013**, for the plaintiff, and not later than **October 11, 2013**, by the defendant. The deadlines for expert disclosures as required by Rule 26(a)(2) will be scheduled at the time of the planning conference.

      7.    **Motions to alter dates.** All requests for changes of deadlines established by this order shall be directed to the magistrate judge by appropriate motion.

      8.    The stipulations of the parties regarding discovery and progression matters set forth in their planning report to the court, not in conflict with the provisions of this order, are approved and adopted. The stipulations for dismissal and/or striking of claims and/or defenses contained in the parties' planning report are approved and adopted, and all of such claims and/or defenses are hereby dismissed and/or stricken.

      9.    Trial is tentatively scheduled for five trial days beginning **July 2014**.

Dated this 9th day of July, 2013.

                                          BY THE COURT:

                                          s/ Thomas D. Thalken
                                          United States Magistrate Judge