IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JARED L. WHITT,<br><br>      Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>      Defendant. | 8:12CV358<br><br>ORDER |

  This matter is before the court on the plaintiff's Second Motion to Amend Complaint (Filing No. 47). The plaintiff attached the proposed amended pleading (Filing No. 47-1) to the motion. The defendant filed a brief (Filing No. 48) in opposition to the motion. The plaintiff filed a brief (Filing No. 51) in reply.

## BACKGROUND

  This case arises from injuries the plaintiff sustained while he was employed with the defendant. **See** Filing No. 1 - Complaint. The plaintiff filed this action on October 5, 2012. *Id.* On June 26, 2013, the plaintiff filed an amended complaint. **See** Filing No. 35. In the amended complaint, the plaintiff alleges claims pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 (FELA) based on suffering (1) an injury to his left arm on June 12, 2012, while manually lifting heavy bags as part of his employment as an anchor applicator machine operator (Claim 1) and (2) heat stroke on June 28, 2012 (Claim 2). *Id.* at 2-5. The plaintiff also alleges the defendant violated the Federal Railroad Safety Act, 49 U.S.C. § 20109(c)(1) (FRSA) when a supervisor denied, delayed, or interfered with the plaintiff's medical treatment (Claim 3). *Id.* at 5-7. Specifically, the plaintiff alleges he was on his way to the hospital for treatment of heat stroke when a supervisor called and required the plaintiff be returned to the job site and sit in front of a fan to cool down. *Id.* at 7-8. As part of Claim 3, the plaintiff alleges he filed a complaint with the Occupational Safety and Health Administration (OSHA) but OSHA dismissed the complaint based on the defendant's faulty election of remedies argument. *Id.* at 6-7.

On July 30, 2013, the defendant filed an answer denying liability for the first two claims and a motion to dismiss Claim 3.  **See** Filing Nos. 42 and 43.  In the motion to dismiss the defendant argues the plaintiff's claim is barred by the plain language of the FRSA § 20109(f).  **See** Filing No. 43.  The plaintiff filed a brief in response to the defendant's motion to dismiss, then after the defendant filed a reply brief, the plaintiff filed the instant motion to amend the complaint.  **See** Filing Nos. 45-47.

The plaintiff seeks to amend the complaint to remove a reference to the FRSA in Claim 2 as an element of negligence in the FELA claim and alter Claim 3.  **See** Filing No. 47-1 - Proposed Second Amended Complaint.  In Claim 3, the plaintiff seeks to remove the language about OSHA dismissing the OSHA complaint.  *Id.* at 6-7.  In place of the dismissal language, the plaintiff seeks to add:

> The Secretary of Labor did not issue a final order within 210 days of the filing of the Complaint.  The delay was not due to the bad faith of Plaintiff.  Plaintiff will terminate the administrative proceedings, and has filed this suit in this Court under 49 U.S.C. § 20109(d).

*Id.* at 6.

The defendant argues the court should deny the motion to amend because of the plaintiff's dilatory conduct in the timing of filing the motion to amend and the plaintiff's failure to cure the defects in Claim 3.  **See** Filing No. 48 - Response p. 1.  Although the defendant states, "[t]he substance of Plaintiff's proposed Second Amended Complaint remains the same as the First Amended Complaint," the defendant argues it suffers prejudice due to the plaintiff's delay in filing the motion to amend because the briefing for the defendant's motion to dismiss Claim 3 was completed three days earlier.  *Id.* at 3.  Moreover, the defendant argues the plaintiff's claim is futile for the reason stated in the motion to dismiss, that the FRSA prohibits the plaintiff from seeking relief under FRSA (Claim 3) for the same conduct alleged to violate another provision of law, such as the FELA (Claim 2).  *Id.* at 6-8.

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires."  However, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. Duplicative and frivolous claims are futile." ***Reuter v. Jax Ltd., Inc.***, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. ***Roberson v. Hayti Police Dep't***, 241 F.3d 992, 995 (8th Cir. 2001); **see *Hanks v. Prachar***, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. ***Hartis v. Chicago Title Ins. Co.***, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. ***Popoalii v. Corr. Med. Servs.***, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." ***Id.*** (**citing** Fed. R. Civ. P. 16(b)); **see *Hartis***, 694 F.3d at 948. Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." ***Popoalii***, 512 F.3d at 497.

      The deadline for the plaintiff to move to amend the complaint was September 2, 2013. See Filing No. 39 - Order ¶ 4. The plaintiff's motion, filed on August 29, 2013, was timely under the court's progression order. The defendant argues the plaintiff was dilatory in filing the motion to amend because he waited until after the motion to dismiss was fully briefed. The defendant relies on two cases holding unexcused delay is sufficient to justify denial of a motion to amend when the plaintiff was put on notice of the need to change the complaint, but failed to do so. **See *id.*** (**citing *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.***, 406 F.3d 1052 (8th Cir. 2005) and ***Egerdahl v. Hibbing Cmty. College***, 72 F.3d 615 (8th Cir. 1995)).

      Although the plaintiff's prior notice and timing is a consideration, the cases cited by the defendant are inapposite. In ***Moses.com***, the court had already granted the plaintiff leave to amend twice before denying the third motion, discovery was well underway, and "numerous motions to dismiss ha[d] already been briefed and ruled." ***Moses.com***, 406 F.3d at 1065-66. The case at bar is in the early stages of discovery and this is the defendant's first motion to dismiss, the defendant having filed answers in response to the plaintiff's original complaint and claims 1 and 2 in the amended complaint. The court has not yet resolved the defendant's motion to dismiss. In ***Egerdahl***, the plaintiff received notice she failed to sue certain defendants in their

3

individual capacities when the defendants filed a motion to dismiss and before she filed her motion to amend the complaint. ***Egerdahl***, 72 F.3d at 619-20. After the court ruled the plaintiff had sued these defendants in their official capacities only, the court denied the plaintiff's second motion to amend based, in part, on her lack of diligence. ***Id.*** at 620. In this case, the plaintiff admits he had notice of the defendant's position on the issues but disagrees with the defendant's interpretation of the relevant statutory provisions. **See** Filing No. 51 - Reply at 1-2. The plaintiff argues it is not about being dilatory but having a difference of opinion. ***Id.*** Further, the plaintiff indicates the proposed amendments will help clarify the issues for the court's resolution of the legal issue. ***Id.***

Under the circumstances, the plaintiff need not show good cause for the timing of filing the motion to amend. The timing issue is not related to missing a deadline but to filing the motion to amend after completion of the briefing on the motion to dismiss. The plaintiff brought the motion to amend three days after the defendant filed its reply brief in support of the motion to dismiss. The timing of the plaintiff's motion, particularly under the current discovery and trial schedule, does not provide evidence he engaged in undue delay or was dilatory. This is particularly true because the plaintiff is not attempting to fix an obvious flaw or omission, so much as clarify his legal position.

The defendant has failed to sustain its burden of showing unfair prejudice caused by the delay. The defendant did complete briefing on the motion to dismiss, but admits the plaintiff's proposed amended complaint is substantively similar to the previous version. Accordingly, the same arguments will apply to the proposed pleading and prejudice based on having to file the reply brief or re-file the motion to dismiss is minimal.

The defendants also fail to show the plaintiff's proposed amendments are futile. A district court's denial of leave to amend a complaint may be justified if the amendment would be futile. ***Geier v. Missouri Ethics Com'n***, 715 F.3d 674, 678 (8th Cir. 2013) (finding amendment futile where court had already considered argument in dispositive motion). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." ***Gamma-10 Plastics, Inc. v. Am. President Lines***, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying

4

leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." **Becker v. Univ. of Neb.**, 191 F.3d 904, 908 (8th Cir. 1999); **Sokolski v. Trans Union Corp.**, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). "[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under [Rule 12(b)(6)]." **Hintz v. JPMorgan Chase Bank, N.A.**, 686 F.3d 505, 511 (8th Cir. 2012). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." **Sokolski**, 178 F.R.D. at 396 (citations omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." **Sharper Image Corp. v. Target Corp.**, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); **see Monahan v. New York City Dep't of Corr.**, 214 F.3d 275, 283 (2d Cir. 2000).

Although, the court will not determine the merits of the plaintiff's claims at this time, the defendant fails to meet its burden of showing it would be legally futile to allow the plaintiff to file the Second Amended Complaint. After reviewing the plaintiff's claims, the court cannot find the claims are "clearly frivolous" as the plaintiff has alleged sufficient facts and a good faith basis to support the amended claims. The plaintiff has shown good cause to alter claims 2 and 3.

The plaintiff's motion to amend is timely. Moreover, the proposed amendment is related to the current claims and will not significantly delay the case or impact discovery requirements. A brief but insignificant delay may be caused by having to re-file the motion to dismiss, however the amendments may help narrow and clarify the issues for the court's consideration on the merits under Rule 12. Upon consideration,

**IT IS ORDERED**:

The plaintiff's Second Motion to Amend Complaint (Filing No. 47) is granted. The plaintiff shall have until **October 7, 2013**, to file the Second Amended Complaint.

Dated this 24th day of September, 2013.

                                            BY THE COURT:
                                            s/ Thomas D. Thalken
                                            United States Magistrate Judge