IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT OMAHA, NEBRASKA

| | |
|---|---|
| JARED L. WHITT,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Defendant. | Case No.: 8:12-CV-00358<br><br>**SECOND AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL***<br> |

COMES NOW Plaintiff, Jared L. Whitt, by and through his attorneys, James L. Cox, Jr., of Brent Coon & Associates, PC, and by way of claim against Defendant alleges, avers and states:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Defendant, Union Pacific Railroad Company, a Delaware corporation, was and is now a duly-organized and existing corporation doing business in the States of Nebraska, Illinois, and other states, with its principal place of business in Omaha, Nebraska.

2. Defendant was at all times herein mentioned and now is engaged in the business of a common carrier by railroad in interstate commerce in Nebraska, Illinois, and other states.

3. At all times herein mentioned, part of Plaintiff's duties as an employee of Defendant were in the furtherance of and directly or closely or substantially affected said interstate commerce.

4. The injuries sustained by Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

5. Plaintiff brings this action against Defendant under the provisions of 45 U.S.C., §§ 51 to 60, *et. seq.* ("The Federal Employers' Liability Act"), regulations promulgated under the authority of those sections, other federal safety laws, and applicable state safety laws.

6. Under the terms of the Federal Employers' Liability Act this court has jurisdiction.

---

* **Pursuant to NeCivR 15.1(a), amendments are bolded.**

**FIRST CLAIM FOR RELIEF**

45 U.S.C. § 51-60 (Left arm injury, approximately June 12, 2012)

7. Plaintiff incorporates herein Paragraphs 1-6 of GENERAL ALLEGATIONS.

8. On or about June 12, 2012, Plaintiff was employed as an anchor applicator machine operator on Union Pacific Railroad Gang No. 8501 in Defendant's Proviso Yard, near Chicago, Illinois.

9. On that date, Plaintiff was loading a bag of anchors into the hopper on the anchor machine that had been assigned to him.

10. The anchor machine which was assigned to Plaintiff did not have a crane to lift bags of anchors into the hopper. Plaintiff had to lift the bags of anchors into the hopper manually. In the process of lifting a bag of anchors into the hopper, he felt a pain in his left arm.

11. At the time and place of Plaintiff's left arm injury, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

(a) the duty to provide Plaintiff with adequate assistance, human or mechanical, to lift the bag of anchors into the hopper on the anchor machine; and

(b) the duty to package the anchors in packages that can be lifted safely above one's waist without the risk of injury if no human or mechanical assistance is to be provided.

12. Defendant, through its agents, servants and employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer an injury to his left arm.

13. Plaintiff's injuries to his left arm may have predisposed him to injury in the heat stroke injury set forth in his Second Claim for Relief.

14. Plaintiff's injuries hereinabove enumerated may have impaired Plaintiff's ability to enjoy life and may impair in the future Plaintiff's ability to enjoy life.

15. By reason of the facts hereinabove stated and the injury caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization. Plaintiff is informed and believes and therefore alleges that he may require further medical attention as a result of said injury.

16. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff may incur a further indebtedness for medical attention.

17. By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff may have sustained loss of wages and loss of fringe benefits in the past, and may in the future sustain loss of wages, impairment of earning capacity, and loss of fringe benefits, all to his damage.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

**SECOND CLAIM FOR RELIEF**

45 U.S.C. § 51-60 (Heat stroke injury and sequelae)

18. Plaintiff incorporates herein Paragraphs 1-6 of GENERAL ALLEGATIONS, and Paragraphs 8-17 of First Claim for Relief.

19. On June 28, 2102, Plaintiff was employed by Defendant, Union Pacific Railroad Company, as an anchor applicator machine operator on System Gang 8501, in Defendant's Proviso Yard near Chicago, Illinois.

20. June 28, 2012 was a very hot day with high humidity. Plaintiff was operating an anchor machine, a track-mounted machine with a large diesel engine that generates a lot of heat when being operated.

21. Plaintiff attempted to remain hydrated. He drank several bottles of water before lunch, and several bottles of water after lunch.

22. At approximately 4:00 p.m., Plaintiff felt that his body was getting weak, and he was beginning to feel really tired. He began experiencing numbness and tingling in his lips. His hands and arms began tingling, with the sensation running up his arms. He experienced similar sensations in his feet and legs. Plaintiff got off his machine and walked over to the side of the tracks and sat down in the shade of some semitrailers that were there. He was approached by Assistant Foreman Eddie Ornales, who asked him if he was okay. Mr. Ornales suggested that Plaintiff walk over to a truck, but Plaintiff was not able to. Plaintiff was loaded into Mechanical Supervisor Dave Birt's truck and told by Mr. Birt that he was going to take Plaintiff to the doctor. At that time, Plaintiff's arms and hands had begun to contract, or seize up, with his wrists, arms, and shoulders flexed.

23. As Mr. Birt was driving Plaintiff to the hospital, Plaintiff recalls Mr. Birt receiving a phone call from Manager Talmadge. Plaintiff recalls hearing Mr. Birt describing his symptoms to Mr. Talmadge. Mr. Talmadge insisted that Plaintiff be brought back to the staging area. Mr. Birt suggested that he continue to take Plaintiff to the hospital. Mr. Talmadge instructed Mr. Birt to bring Jared back to the briefing area. Upon returning to the briefing area, Plaintiff was placed in front of an air condition and water poured over his arms and a cooler tube

placed around his neck. This procedure continued until about 6:30 p.m., when Plaintiff was released and told to return to his motel room, where he was staying while on the gang.

24. That evening, Plaintiff called his wife and father and explained to them what had happened and how he was feeling. They urged Plaintiff to go to the emergency room at the hospital. Plaintiff's roommate, Ray Wiesen, drove Plaintiff to Elmhurst Memorial Healthcare Emergency Room where he was examined and treated.

25. The next morning, June 29, Supervisor Linford called Plaintiff and told him he had to make an appearance at the gang that morning. After his appearance, he was taken back to his hotel room, where Plaintiff tried to rest the remainder of the day.

26. On the last day of the work cycle, Plaintiff's wife drove to Chicago to pick Plaintiff up and drive him to their home in Gallatin, Missouri. Plaintiff attempted to return to work on July 9, 2012, but his left hand continued to swell, and he continued to have pain and numbness in his hand and arm.

27. On July 12, because of continuing symptoms, Plaintiff was taken by Supervisor Linford back to Elmhurst Memorial Healthcare Emergency Room.

28. Plaintiff has been off work since July 14, 2012.

29. Plaintiff has been treated for residuals of the heat stroke, and has been diagnosed with thoracic outlet syndrome (left), brachial plexus lesions (left), carpal tunnel syndrome (left), and ulnar neuropathy (left).

30. At the time and place of Plaintiff's injury, Defendant, Union Pacific Railroad, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

(a) the duty to investigate, institute, and implement reasonably safe methods and procedures for the performance of the work;

(b) the duty to investigate, institute, and implement reasonably safe methods and procedures to educate and train Plaintiff and his supervisors to recognize and guard against the signs and symptoms of heat stroke;

(c) the duty to investigate, institute, and implement reasonably safe methods and procedures to train its supervisors in how to respond appropriately to an employee manifesting signs and symptoms of heat stroke; **and**

(d) the duty to comply with its own rules regarding job safety briefing, and emergency response plans, in the case of an employee evidencing signs and symptoms of heat stroke.

~~(e) the duty to comply with 49 U.S.C. § 20109(c)(1):~~

> ~~"A railroad carrier or person covered under this section may not deny, delay, or interfere with the medical or first aid treatment of an employee who is injured during the course of employment. If transportation to a hospital is requested by an employee who is injured during the course of employment, the railroad shall promptly arrange to have the injured employee transported to the nearest hospital where the employee can receive safe and appropriate medical care."~~

31. Defendant, through its agents, servants and employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer the injuries hereinabove enumerated.

32. Plaintiff's injuries hereinabove enumerated have been painful and disabling, and for an indefinite time in the future will be painful and disabling, and have and will in the future cause Plaintiff mental and physical pain and suffering.

33. Plaintiff's injuries hereinabove enumerated have impaired Plaintiff's ability to enjoy life and will impair in the future Plaintiff's ability to enjoy life.

34. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization. Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

35. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention.

36. By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity, and loss of fringe benefits, all to his damage.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

THIRD CLAIM FOR RELIEF
Violation of 49 U.S.C. § 20109(c)(1)

37. Plaintiff incorporates herein Paragraphs 1-4 of GENERAL ALLEGATIONS, and Paragraphs 19-29 of his SECOND CLAIM FOR RELIEF.

38. Plaintiff brings this Claim for Relief against the defendant for violation of the Federal Railroad Safety Act, 49 U.S.C. § 20109(c)(1).

39. This Court has subject matter jurisdiction in this Claim for Relief pursuant to the Federal Railroad Safety Act, 49 U.S.C. § 20109(d)(3) ("FRSA").

40. 49 U.S.C. § 20109(c)(1) states:

> "A railroad carrier or person covered under this section may not deny, delay, or interfere with the medical or first aid treatment of an employee who is injured during the course of employment. If transportation to a hospital is requested by an employee who is injured during the course of employment, the railroad shall promptly arrange to have the injured employee transported to the nearest hospital where the employee can receive safe and appropriate medical care."

41. 49 U.S.C. § 20109(d), Enforcement action – (1) In general, states:

> "An employee who alleges discharge, discipline, or other discrimination in violation of subsection (a), (b) or (c) of this section, may seek relief in accordance with the provisions of this section, with any petition or other request for relief under this section to be initiated by filing a complaint with the Secretary of Labor."

42. Plaintiff claims that obstruction of an injured employee's seeking medical attention is itself discrimination against Plaintiff, and therefore provides a basis for private enforcement under 49 U.S.C. § 20109(d)(1).

43. Plaintiff commenced his request for relief under 49 U.S.C. § 20109 by filing a Complaint with the Secretary of Labor on November 23, 2012, within 180 days of June 28, 2012.

**44. The Secretary of Labor did not issue a final order within 210 days of the filing of the Complaint. The delay was not due to the bad faith of Plaintiff. Plaintiff will terminate the administrative proceedings, and has filed this suit in this Court under 49 U.S.C. § 20109(d).**

~~44. In its answer to Plaintiff's Complaint filed with OSHA, Defendant requested that the Complaint be dismissed because "Mr. Whitt elected to seek protection for any violation of~~

~~20103(c)(1) through his FELA action in Federal court." Defendant argued in its response to Plaintiff's OSHA complaint (mistakenly) that "Mr. Whitt will not be deprived of any available damages by seeking protection under FELA rather than an FRSA whistleblower action," And "…the damages available to Mr. Whitt under FELA will be adequate to make him whole for any violation of section 20109(c)(1), while avoiding the potential for duplicative recovery."~~

~~45. In an undated letter to counsel for Plaintiff from Robert J. Kus, Regional Advisory Investigator, U.S. Department of Labor, Occupational Safety and Health Administration, OSHA dismissed Plaintiff's Complaint for the following reasons and on the following bases:~~

> ~~"On October 5, 2012, Complainant through his Attorney filed a lawsuit under FELA in U.S. District Court for the District of Nebraska against Respondent. One of the items that Complainant's Attorney alleged in the FELA filing was that Respondent violated 49 U.S.C. § 20109(c)(1). This is the same issue that Complainant's FRSA complaint was filed under.~~
>
> ~~"A preponderance of the evidence supports that Complainant filed his complaint under two different laws FRSA and in U.S. Federal Court under FELA with the same allegedly unlawful act by Respondent. An employee under FRSA 49 U.S.C. § 20109(f) Election of remedies: an employee may not seek protection under both this section and another provision of law for the same allegedly unlawful act of the railroad carrier. Consequently, this complaint is dismissed."~~

~~46. OSHA adopted the faulty reasoning of the Union Pacific Railroad in its response to Plaintiff's OSHA Complaint, and dismissed his OSHA Complaint under FRSA 49 U.S.C. § 20109(f), Election of remedies: "An employee may not seek protection under both this section and another provision of law for the same allegedly unlawful act of the railroad carrier. Consequently, this complaint is dismissed."~~

~~47. Defendant had its request granted: Plaintiff's OSHA Complaint has been dismissed on the basis of election of remedies. Plaintiff now seeks to enforce his remedies under FRSA 49 U.S.C. § 20109 in this court, in this action.~~

45. Defendant discriminated against the plaintiff when Defendant, through its supervisor, Talmage Dalebout, denied, delayed or interfered with the medical or first aid treatment of Plaintiff, who had been injured during the course of his employment. Plaintiff was clearly in need of emergency medical treatment as a result of his heat stroke injury, and had requested transportation to a hospital. It was apparent that supervisor Dave Birt was taking him to the hospital for medical treatment, and Mr. Birt and Plaintiff's trip to the hospital was interrupted when Supervisor Talmage Dalebout called Mr. Birt and said to Plaintiff on Mr. Birt's cell phone, "Why don't we just bring you back here to the job site and get you cooled down. If you get cooled down, you'll probably be okay," at which point Dave Birt took Plaintiff back to the job site.

46. Defendant, through the actions of Manager Dalebout and Supervisor Birt, acted with reckless disregard for the law and with complete indifference to the plaintiff's rights under the FRSA.

47. Pursuant to FRSA 49 U.S.C. § 20109(d)(3), the plaintiff is now bringing his original action at law and equity for *de novo* review by the United States District Court for the District of Nebraska.

WHEREFORE, in order to enforce the terms and conditions of the FRSA and the prohibition against denying, delaying, or interfering with the medical or first aid treatment of an employee who is injured during the course of his employment, Plaintiff demands a judgment under the FRSA against Defendant for all relief permitted under the FRSA, including, but not limited to, litigation costs, expert witness fees, reasonable attorneys' fees, and punitive damages in an amount not to exceed $250,000.

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

Signed at Denver, Colorado this 24th day of September, 2013.

s/James L. Cox, Jr.
James L. Cox, Jr., Nebraska Bar #20223
Attorney for Plaintiff
BRENT COON & ASSOCIATES, PC
3801 E. Florida Ave., Suite 905
Denver, CO 80210-2500
Telephone: (303) 756-3243
Fax: (303) 756-3595
jim.cox@bcoonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2013, I electronically filed the foregoing **SECOND AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David J. Schmitt, Esq.
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Pkwy. Dr.
Omaha, NE 68114
dschmitt@lmdlaw.com

Clifford A. Godiner, Esq.
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
cgodiner@thompsoncoburn.com

James L. Cox, Jr.
James L. Cox, Jr.