IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JARED L. WHITT, | ) | CASE NO. 8:12-CV-00358 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ANSWER TO COUNTS I AND II |
| | ) | OF PLAINTIFF'S SECOND AMENDED |
| UNION PACIFIC RAILROAD COMPANY, | ) | COMPLAINT |
| | ) | |
| Defendant. | ) | |

COMES NOW the defendant Union Pacific Railroad Company, and for its answer to Counts I and II of plaintiff's first amended complaint, admits, denies and alleges as follows:

1. Admits defendant is a corporation duly organized and existing under the laws of the State of Delaware and operates as a railroad carrier in the State of Nebraska and other states, but denies the remaining allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2.

3. Admits that in June 2012, plaintiff was employed by Union Pacific Railroad Company as a machine operator, but denies the remaining allegations contained in paragraph 3.

4. Denies the allegations contained in paragraph 4.

5. Admits the jurisdiction of this Court, if any, is based upon the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.,* but denies the remaining allegations of paragraph 5.

6. Admits the jurisdiction of this Court, if any, is based upon the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.,* but denies the remaining allegations of paragraph 6.

FIRST CLAIM FOR RELIEF

7. Defendant realleges and incorporates its responses to paragraphs 1 through 6, inclusive, as if fully set forth herein.

8. Admits that on or about June 12, 2012, plaintiff was employed by Union Pacific Railroad Company as a machine operator, but denies the remaining allegations contained in paragraph 8.

9. Admits that on or about June 12, 2012, plaintiff was employed by Union Pacific Railroad Company as a machine operator, but denies the remaining allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10.

11. Defendant Union Pacific Railroad Company alleges it provided plaintiff with a reasonably safe place to work and that it complied with all applicable law and standards; denies the remaining allegations contained in paragraph 11, including all subparts.

12. Denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17.

SECOND CLAIM FOR RELIEF

18. Defendant realleges and incorporates its responses to paragraphs 1 through 6 and 8 through 17, inclusive, as if fully set forth herein.

19. Admits that on or about June 28, 2012, plaintiff was employed by Union Pacific Railroad Company as a machine operator; denies the remaining allegations contained in paragraph 19.

20. Admits that on or about June 28, 2012, plaintiff was employed by Union Pacific Railroad Company as a machine operator; denies the remaining allegations contained in paragraph 20.

21. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 21 and therefore denies the same.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 24 and therefore denies the same.

25. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 25 and therefore denies the same.

26. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 26 and therefore denies the same.

27. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 27 and therefore denies the same.

28. Admits plaintiff has not returned to work at Union Pacific Railroad Company; denies the remaining allegations contained in paragraph 28.

29. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 29 and therefore denies the same.

30. Defendant Union Pacific Railroad Company alleges it provided plaintiff with a reasonably safe place to work and that it complied with all applicable law and standards; denies the remaining allegations contained in paragraph 30, including all subparts.

31. Denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Defendant denies each and every other allegation of plaintiff's complaint, except for those specifically admitted and those which may constitute admissions against the interests of plaintiff.

## AFFIRMATIVE DEFENSES

38. Defendant Union Pacific Railroad Company alleges that any injury, damage and loss claimed by plaintiff was not the result of any negligence, act or omission or carelessness on the part of this defendant, but may have been due to the negligence and carelessness of the plaintiff, which may have been the sole cause or contributing cause of any and all alleged damage, loss and injury of which plaintiff complains.

39. Defendant Union Pacific Railroad Company alleges that the plaintiff has failed to take reasonable steps to mitigate his alleged injuries and damages.

40. Defendant Union Pacific Railroad Company alleges that plaintiff's injuries, to the extent any exist, were caused in whole or in part by pre-existing conditions or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of plaintiffs claim against this defendant.

41. Defendant Union Pacific Railroad Company alleges that sick pay, medical bills, supplemental benefits, settlement and/or Railroad Retirement Benefits may have been paid to, or on behalf of, plaintiff so this defendant may be entitled to a setoff.

WHEREFORE, having fully answered the allegations of plaintiffs complaint, defendant Union Pacific Railroad Company prays for judgment in its favor and that plaintiffs cause of action be dismissed with prejudice, that defendant be awarded its costs and fees herein expended, along with such other and further relief as the Court shall deem just and equitable.

Respectfully submitted,

THOMPSON COBURN LLP

By: /s/Clifford A. Godiner
    Clifford A. Godiner
    One US Bank Plaza
    St. Louis, MO 63101
    (314) 552-6433
    FAX: (314) 552-7433
    cgodiner@thompsoncoburn.com

and

LAMSON, DUGAN & MURRAY, LLP

By: David J. Schmitt #19123
    10306 Regency Parkway Drive
    Omaha, NE 68114
    (402) 397-7300
    FAX: (402) 397-8450

Attorneys for Defendant
Union Pacific Railroad Company

CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2013, I electronically filed the foregoing with the Court using the CM/ECF system, which will send notification of such filing, via electronic mail, to all attorneys of record for the Plaintiff.

/s/Clifford A. Godiner