IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JARED L. WHITT,<br><br>        Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>        Defendant. | 8:12CV358<br><br>ORDER |

     This matter is before the court on the defendant's Motion for Extension of Deadline to File Motions in Limine (Filing No. 85). The plaintiff filed a brief (Filing No. 86) in response. The defendant filed a brief (Filing No. 87) in reply.

## BACKGROUND

     This action arises from injuries the plaintiff allegedly sustained while working for the defendant. The plaintiff filed this action on October 5, 2012. **See** Filing No. 1 - Complaint. Subsequently, the plaintiff amended the complaint twice. **See** Filing No. 35 - First Amended Complaint; Filing No. 54 - Second Amended Complaint. Following a telephone planning conference with counsel, the court set December 9, 2013, as the deadline to file motions in limine under Fed. R. Evid. 702 and *Daubert*. **See** Filing No. 69 - Order. On December 9, 2013, the defendant sought and received an extension to February 3, 2014, to file *Daubert* motions. **See** Filing No. 75 - Unopposed Motion; Filing No. 76 - Order. Subsequently, on January 17, 2014, the defendant filed a motion seeking to extend the deadline to file a *Daubert* motion against one of the plaintiff's experts, Douglas Casa, Ph.D. (Dr. Casa). **See** Filing No. 80 - Unopposed Motion. The court provided the defendant until March 21, 2014, to file its *Daubert* motion. **See** Filing No. 81 - Order.

     The defendant now seeks an extension to file a *Daubert* motion against one of the plaintiff's other experts, George Gavalla (Mr. Gavalla). **See** Filing No. 85 - Motion. The defendant seeks an extension of the deadline from February 3, 2014, to February 24, 2014, because of defense counsel's trial schedule and unavailability due to other

commitments. *Id.* The defendant explains it received Mr. Gavalla's report on December 2, 2013, deposed Mr. Gavalla on January 16, 2014, and received the transcript of the deposition on January 20, 2014, two weeks before the deadline to file *Daubert* motions. *Id.* at 1-2.

In response, the plaintiff argues the defendant overstates the challenge to filing a *Daubert* motion to Mr. Gavalla's opinions. **See** Filing No. 86 - Response. The plaintiff further contends there are numerous attorneys in defense counsels' firms who could work on the *Daubert* motion. *Id.* at 1-2.

In reply, the defendant argues Mr. Gavalla's opinions are numerous and based on a lengthy set of facts which will take time to thoroughly analyze. **See** Filing No. 87 - Reply. The defendant also argues the defendant is entitled to have retained counsel, who is experienced in handling the defendant's specific case, file the motion and the fact that defense counsels' firms have other attorneys is irrelevant. *Id.*

## ANALYSIS

"The district court has broad discretion in establishing and enforcing the deadlines." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). "Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: to serve the just, speedy, and inexpensive determination of every action." *Id.* Under Fed. R. Civ. P. 16, a progression order schedule "may be modified only for good cause." Fed. R. Civ. P. 16. "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (paraphrasing Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).

The defendant demonstrates good cause to extend the deadline to file a *Daubert* motion challenging Mr. Gavalla's testimony. The defendant did not delay or wait until the deadline expired to seek an extension.[1] Instead, the defendant proactively seeks an extension due to defense counsel's preexisting duties and unavailability. An extension

---

[1] The deadline to file motions in limine was February 3, 2014. **See** Filing No. 76 - Order. The defendant filed the instant motion on January 28, 2014. **See** Filing No. 85 - Motion.

2

does not prejudice the plaintiff or require extending other deadlines. In fact, the extended deadline, February 24, 2014, is still before the deadline for the defendant to file a ***Daubert*** motion challenging Dr. Casa's testimony, which is March 21, 2014.[2] The plaintiff's opinion on the simplicity of a ***Daubert*** motion challenging Mr. Gavalla's testimony does not mitigate the defendant's need for an extension. Additionally, the plaintiff's argument defense counsel have other attorneys in their firms who could handle the motion is irrelevant. Accordingly,

**IT IS ORDERED**:

The defendant's Motion for Extension of Deadline to File Motions in Limine (Filing No. 85) is granted. The defendant shall have until **February 24, 2014**, to file a motion in limine challenging the admissibility of Mr. Gavalla's testimony pursuant to Fed. R. Evid. 702.

Dated this 7th day of February, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[2] The court notes the plaintiff did not oppose the defendant's request for an extension file a ***Daubert*** motion challenging Dr. Casa's opinion. **See** Filing No. 80 - Unopposed Motion.