IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JARED L. WHITT, | ) | CASE NO. 8:12-CV-00358 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ANSWER TO COUNT III |
| | ) | OF PLAINTIFF'S SECOND AMENDED |
| UNION PACIFIC RAILROAD COMPANY, | ) | COMPLAINT |
| | ) | |
| Defendant. | ) | |

COMES NOW Defendant Union Pacific Railroad Company ("Union Pacific" or "Defendant"), and for its answer to Count III of Plaintiff's Second Amended Complaint, admits, denies and alleges as follows:[1]

GENERAL ALLEGATIONS

1. Admits defendant is a corporation duly organized and existing under the laws of the State of Delaware and operates as a railroad carrier in the State of Nebraska and other states, but denies the remaining allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2.

3. Admits that in June 2012, Plaintiff was employed by Union Pacific Railroad Company as a machine operator, but denies the remaining allegations contained in paragraph 3.

4. Denies the allegations contained in paragraph 4.

5. Admits the jurisdiction of this Court, if any, is based upon the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.,* but denies the remaining allegations of paragraph 5.

6. Admits the jurisdiction of this Court, if any, is based upon the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.,* but denies the remaining allegations of paragraph 6.

---

[1] Defendant previously answered the allegations contained in Counts I and II of Plaintiff's Second Amended Complaint on October 8, 2013. (Docket No. 61). However, due to Plaintiff's incorporation of many allegations contained in Counts I and II, Defendant's Answer is again fully set forth herein.

2

## FIRST CLAIM FOR RELIEF

7. Defendant realleges and incorporates its responses to paragraphs 1 through 6, inclusive, as if fully set forth herein.

8. Admits that on or about June 12, 2012, Plaintiff was employed by Union Pacific Railroad Company as a machine operator, but denies the remaining allegations contained in paragraph 8.

9. Admits that on or about June 12, 2012, Plaintiff was employed by Union Pacific Railroad Company as a machine operator, but denies the remaining allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10.

11. Defendant Union Pacific Railroad Company alleges it provided Plaintiff with a reasonably safe place to work and that it complied with all applicable law and standards; denies the remaining allegations contained in paragraph 11, including all subparts.

12. Denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17.

## SECOND CLAIM FOR RELIEF

18. Defendant realleges and incorporates its responses to paragraphs 1 through 6 and 8 through 17, inclusive, as if fully set forth herein.

19. Admits that on or about June 28, 2012, Plaintiff was employed by Union Pacific Railroad Company as a machine operator; denies the remaining allegations contained in paragraph 19.

20. Admits that on or about June 28, 2012, Plaintiff was employed by Union Pacific Railroad Company as a machine operator; denies the remaining allegations contained in paragraph 20.

21. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 21 and therefore denies the same.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 24 and therefore denies the same.

25. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 25 and therefore denies the same.

26. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 26 and therefore denies the same.

27. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 27 and therefore denies the same.

28. Admits Plaintiff has not returned to work at Union Pacific Railroad Company; denies the remaining allegations contained in paragraph 28.

29. Defendant is currently without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 29 and therefore denies the same.

30. Defendant Union Pacific Railroad Company alleges it provided Plaintiff with a reasonably safe place to work and that it complied with all applicable law and standards; denies the remaining allegations contained in paragraph 30, including all subparts.

31. Denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

## THIRD CLAIM FOR RELIEF

37. Defendant realleges and incorporates its responses to paragraphs 1 through 4 and 19 through 29, inclusive, as if fully set forth herein.

38. Admits that Plaintiff purports to bring a claim under the Federal Railroad Safety Act, 49 U.S.C. § 20109(c)(1), but denies the remaining allegations of paragraph 38.

39. Admits the jurisdiction of this Court, if any, is based in part upon the Federal Railroad Safety Act, 49 U.S.C. § 20109(d)(3), but denies the remaining allegations of paragraph 39.

40. States that the text of 49 U.S.C. § 20109(c)(1) speaks for itself.  To the extent that a response is required, admits that paragraph 40 accurately quotes the statute, but denies that Defendant in any way violated 49 U.S.C. § 20109.

41. States that the text of 49 U.S.C. § 20109(d) speaks for itself.  To the extent that a response is required, admits that paragraph 41 accurately quotes the statute, but denies that Defendant in any way violated 49 U.S.C. § 20109.

42. Admits that Plaintiff makes claims that his medical care was obstructed, but denies the remaining allegations contained in paragraph 42.

43. Admits that Plaintiff filed a Complaint with the Secretary of Labor on or about November 23, 2012, and that November 23, 2012, is within 180 days of June 28, 2012, but denies the remaining allegations contained in paragraph 43.

44. Admits that Plaintiff purports to file his lawsuit under 48 U.S.C. § 20109(d), but denies the remaining allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Admits that Plaintiff purports to bring his action in this Court pursuant to 49 U.S.C. § 20109(d)(3), but denies the remaining allegations contained in paragraph 47.

Defendant denies each and every other allegation of Plaintiff's Second Amended Complaint, except for those specifically admitted and those which may constitute admissions against the interests of Plaintiff.

## AFFIRMATIVE DEFENSES

48. Defendant Union Pacific Railroad Company alleges that any injury, damage and loss claimed by Plaintiff was not the result of any negligence, act or omission or carelessness on the part of Defendant, but may have been due to the negligence and carelessness of the Plaintiff, which may have been the sole cause or contributing cause of any and all alleged damage, loss and injury of which Plaintiff complains.

49. Defendant Union Pacific Railroad Company alleges that the Plaintiff has failed to take reasonable steps to mitigate his alleged injuries and damages.

50. Defendant Union Pacific Railroad Company alleges that Plaintiff's injuries, to the extent any exist, were caused in whole or in part by pre-existing conditions or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of Plaintiff's claims against Defendant.

51. Defendant Union Pacific Railroad Company alleges that sick pay, medical bills, supplemental benefits, settlement and/or Railroad Retirement Benefits may have been paid to, or on behalf of, Plaintiff so Defendant may be entitled to a setoff.

52. Union Pacific states that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

53. Union Pacific states that Plaintiff's alleged injuries, losses, or damages, if any, were caused solely by the actions of Plaintiff himself, such that Plaintiff's cause of action should be dismissed.

54. Union Pacific states that Plaintiff's retaliation claims under the FRSA are precluded by virtue of the election of remedies provision in 49 U.S.C. § 20109(f), such that Plaintiff's cause of action should be dismissed.

55. Union Pacific states that Plaintiff's injury or medical condition was not negatively affected by any alleged denial, delay, or interference in medical care or transportation to a hospital.

56. Union Pacific states that Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies.

57. Union Pacific states that Plaintiff's claims are barred because he failed to timely terminate administrative proceedings as required under 49 U.S.C. § 20109(d) and/or because the Secretary of Labor issued a final decision before Plaintiff so terminated those proceedings.

58. Union Pacific states that the imposition of punitive damages in this case would violate the Due Process Clause of the United States Constitution.

59. Union Pacific states that even if it took an action in violation of 49 U.S.C. § 20109, which Union Pacific denies, Plaintiff's condition would have been the same with or without Union Pacific's actions.

60. Union Pacific reserves the right to rely on affirmative defenses which may be available or apparent during the course of discovery and reserves the right to amend its Answer to assert any such defense.

WHEREFORE, having fully answered the allegations of Plaintiffs Second Amended Complaint, Defendant Union Pacific Railroad Company prays for judgment in its favor and for Plaintiff's causes of action to be dismissed with prejudice, that Defendant be awarded its costs and fees herein expended, and such other and further relief as the Court shall deem just and equitable.

          Respectfully submitted,

          THOMPSON COBURN LLP


          By: /s/Clifford A. Godiner
              Clifford A. Godiner
              One US Bank Plaza
              St. Louis, MO 63101
              (314) 552-6433
              FAX: (314) 552-7433
              cgodiner@thompsoncoburn.com

          and

LAMSON, DUGAN & MURRAY, LLP


By: David J. Schmitt #19123
    10306 Regency Parkway Drive
    Omaha, NE 68114
    (402) 397-7300
    FAX: (402) 397-8450

Attorneys for Defendant
Union Pacific Railroad Company


<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on March 31, 2014, I electronically filed the foregoing with the Court using the CM/ECF system, which will send notification of such filing, via electronic mail, to all attorneys of record for the Plaintiff.


/s/Clifford A. Godiner