TO: All Operating Department Management Employees

FROM: Dennis Duffy

DATE: February 27, 2009

SUBJECT: Employee Personal Injury Response

In the majority of cases, employee personal injury response is handled correctly by management. From time to time we have questions about handling in some isolated cases, particularly with regard to medical care. The Rail Safety Act of 2008, FRA reporting regulations and interpretation and application of these regulations specify how managers must handle on-duty employee personal injury cases and medical treatment. To ensure compliance, I am providing some basic procedural guidelines below:

(1) When an employee is injured, the first priority is to ensure that the employee receives the necessary medical attention, without delay. If transportation to a hospital is requested the manager shall arrange transportation to the nearest hospital where the employee can receive safe and appropriate medical care.

(2) Any harassment or intimidation of an employee to prevent reporting of the injury is forbidden. In all cases, proper reporting procedures will be followed. Any time an employee asks for a personal injury form (Form 52032), one will be provided.

(3) When an employee is taken for medical care, do not try to direct or influence the employee or the medical professionals as to the type of treatment the employee should receive. Do not enter the examination/treatment room without being invited to do so by the employee.

(4) When an employee injured on duty requires medical attention, immediately contact the local claims representative who can help facilitate appropriate medical care.

**THE SAFETY AND HEALTH OF UNION PACIFIC EMPLOYEES IS PARAMOUNT. ANY MANAGER OR SUPERVISOR WHO CONSCIOUSLY JEOPARDIZES AN INJURED EMPLOYEE'S ABILITY TO OBTAIN APPROPRIATE MEDICAL CARE WILL BE SUBJECT TO DISCIPLINE UP TO AND INCLUDING DISMISSAL.**

The attached documents contain some pertinent quotations from the current FRA Reporting Guidelines along with explanatory comments by UP Reporting Personnel.

Also attached is UP's Policy Statement and Complaint Procedures for harassment and intimidation relating to reporting personal injuries and occupational illnesses. This Policy must be posted and available to employees.

If you have any questions regarding this policy, contact your Supervisor, your Regional or Department Compliance Manager, or Brian Rowe in the Reporting compliance group at 544-0432 for clarification.

EXHIBIT 14

Direct Quotations from FRA Reporting Guide and UPRR Comments

FRA Reporting Guide - May 01, 2003
Chapter 1, Page 8 (quotation)
The ICP (UP's Internal Control Plan) also addresses intimidation and harassment of any person calculated to prevent or discourage such person from either receiving proper medical treatment for an injury or illness or from reporting an accident, incident, illness, or injury. FRA has become increasingly aware that many railroad employees fail to disclose their injuries to the railroad or fail to accept reportable treatment from a physician because they wish to avoid potential harassment from management or possible discipline that is sometimes associated with the reporting of such injuries. FRA is also aware that in some instances supervisory personnel and mid-level managers are urged to engage in practices that may undermine or circumvent the reporting of injuries and illnesses. Railroads must remain proactive in accurate reporting of all reportable accidents, injuries, and illnesses and must not engage in practices that could manipulate reportability of these incidents. In some instances, railroads report an injury or illness to FRA only after FRA inspectors make management aware that a particular injury or illness was not reported. Many times FRA inspectors conduct an investigation pursuant to a complaint from an employee alleging that his or her injury/illness was not properly reported or was not reported at all. Again, the railroad usually reports this injury/illness to FRA only after FRA informs management of the situation.

**UPRR Comment:** *The FRA has expanded their interpretation of what constitutes harassment and intimidation and/or interfering with medical treatment. Specifically, the FRA considers virtually ANY discussion of medical treatment options or the elements of Personal Injury reportability with an employee or treating physician, to be interference with medical treatment. The FRA takes the position that the very <u>presence of an employee's manager in the treatment room</u> at a medical facility may constitute interference with medical treatment unless the employee either specifically requests or consents to the manager's presence. The rationale is that the employee might not answer questions candidly or fully disclose needed information to the treating physician due to embarrassment or fear of recrimination from the manger. Absent full and candid information, the treating physician might not make the best choices regarding the employee's treatment.*

*The ICP referenced above is the UPRR Policy Statement and Complaint Procedures document that should be posted at all locations where employees report to work, etc. Our statement (and the FRA statements above) makes it clear that the harassment or intimidation of and discussions with any person that is intended to discourage a person from reporting a personal injury or from receiving proper medical treatment is forbidden.*

FRA Reporting Guide - May 01, 2003
Chapter 1, Page 7 (quotation)
Penalties. Any person (including a railroad and any manager, supervisor, official, or other employee or agent of a railroad) who violates any requirement of Part 225 or causes the violation of any such requirement is subject to a civil penalty. A person may also be subject to criminal penalties. FRA may issue these civil penalties pursuant to 49 U.S.C. §§ 21301, 21302, and 21304. Also see Appendix A to Part 209 of the Code of Federal Regulations for other sanctions. Criminal penalties and/or imprisonment provided for in 49 U.S.C. § 21311 may also be imposed on any individual who knowingly and willfully makes a false entry in a record or report required by the accident reporting regulations or other regulations issued under 49 U.S.C. Chapter 201; who destroys, mutilates, changes, or falsifies such a record or report; does not enter required specified facts in a such record or report; who makes or preserves such a record or report in violation of such a regulation or order; or who files a false record or report with FRA. FRA wants to make it clear to all railroads that it will be diligent in its efforts to ensure that all parties adhere to and comply with the intimidation and harassment policy in the Internal Control Plan. It should be noted that FRA will be aggressive in pursuing enforcement sanctions against any person found to be in violation of the railroad's harassment and intimidation policy.

**UPRR Comment:** *There are criminal and civil penalties for failure to comply with these regulations pertaining to safety reporting. This includes all areas of safety reporting, including personal injury, rail equipment accidents, and highway-rail grade crossing accidents.*

FRA Reporting Guide - May 01, 2003
Chapter 6, Page 41
Question: I was hurt on the job, and my supervisor accompanied me to the clinic. My supervisor gave the nurse a card to give to the doctor that would be examining me. Our railroad utilizes a card that describes various treatments or therapies that require a report be made to the FRA. The card appears to encourage or suggest that the doctor consider treatment of a non-reportable nature. I feel this may unduly influence the medical facility and could affect the treatment I would have otherwise received had the card not been presented. Since my employer pays for the medical expenses, I am concerned that employees will be taken to treatment centers where this practice exists. The intent seems more to reduce reportable cases, rather than ensuring that the health care professional provides treatment that he or she believes is appropriate for the injury. Does FRA authorize the use of such cards or other communications of this nature to health care providers?

Answer: No. FRA is extremely concerned that injured workers receive proper medical treatment. We do not condone the use of any form or medical card that could adversely influence treatment by encouraging the use of non-reportable treatment. Such practices are not only discouraged by FRA, but also may in certain circumstances constitute a violation of Part 225 subject to a civil penalty against the carrier or supervisor who engages in such practices.

**UPRR Comment:** *Our employees must receive the proper medical care without delay and without interference by management. Discussing possible medical treatment with a physician or the employee is directly comparable to the "card" referred in the above Q&A and is not allowed.*

# UNION PACIFIC RAILROAD COMPANY
## ACCIDENT, INCIDENT, INJURY, ILLNESS REPORTING

Effective: January 01, 1997
Revised: September 1, 2007

## POLICY STATEMENT

Union Pacific Railroad is committed to complete and accurate reporting of all accidents, incidents, injuries, and occupational illnesses arising from the operation of the railroad. This includes compliance with Company, Federal Railroad Administration, and other regulatory agency reporting requirements. Union Pacific will not tolerate harassment or intimidation of any person that is calculated to discourage or prevent such person from receiving proper medical treatment or from reporting an accident, incident, injury, or illness. Persons who report alleged violations of this policy are also protected from harassment or intimidation. Disciplinary action, as provided in applicable collective bargaining agreements or in the Union Pacific Guidelines on Ethics and Business Conduct, will be taken against any employee, including supervisors, managers, or officers of the Company, who commit such harassment or intimidation.

## COMPLAINT PROCEDURES

Following are the steps for addressing alleged violations of Union Pacific Railroad's harassment and intimidation policy related to reporting accidents, incidents, injuries and illnesses:

Step 1  Any alleged violation of the Accident, Incident, Injury, and Illness Reporting Policy must be reported to the Union Pacific Values Line at 1-800-998-2000. The complaint will be forwarded to the Company's General Director of Ethics and Compliance for follow-up and response.

Step 2  The General Director of Ethics and Compliance will forward the complaint to the highest-level safety officer for the functional area, i.e. Regional (Service Units), Engineering, Mechanical, etc.

Step 3  The safety officer will conduct an internal investigation which will include interviewing the complainant, interviewing the individual against whom the complaint was made, interviewing any witnesses to the alleged violation, and gathering all pertinent facts.

Step 4  The safety officer will forward the information gathered in step 3 to the appropriate department head for review.

Step 5  The department head will determine if the complaint has merit and, if so, what corrective actions are to be taken. Where corrective actions are warranted, the department head will initiate those actions. In all cases, the department head will notify the safety officer of the findings and of any actions taken.

Step 6  The safety officer will notify the General Director of Ethics and Compliance of the results, and the General Director of Ethics and Compliance will notify the complainant of the results of the investigation.