IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JARED L. WHITT, | ) | CASE NO. 8:12-CV-00358 |
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES |
| UNION PACIFIC RAILROAD COMPANY, | ) | TO DEFENDANT RELEVANT TO CLAIM FOR PUNITIVE DAMAGES UNDER 20109(c) |
| Defendant. | ) | |

COMES NOW Defendant Union Pacific Railroad Company ("Union Pacific"), by and through its attorneys and, pursuant to Federal Rule of Civil Procedure 33, submits its Answers and Objections to Plaintiff's Interrogatories to Defendant Relevant to Claim for Punitive Damages Under 20109(c) as follows:

## GENERAL OBJECTIONS

A. Union Pacific objects to the Interrogatories to the extent that they request any information protected by the attorney-client privilege and/or the work product doctrine.

B. Union Pacific objects to the Interrogatories to the extent that they seek information which is neither relevant nor likely to lead to the discovery of admissible evidence.

C. Union Pacific objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.

D. The foregoing general objections are specifically and expressly incorporated into each and every response herein and the reassertion or specification of any of these general objections or the assertion of other objections in no way implies a failure to assert each and every general objection.

EXHIBIT 13

## ANSWERS

**INTERROGATORY NO. 1**: For each claim filed against Defendant by any employee of Defendant alleging violation of any provision of 20109 from January 1, 2007 to date, please state:

a. the nature of the claim;

b. the date of the claim;

c. the nature of the alleged violation;

d. what section of 20109 was alleged to have been violated;

e. the date of the alleged violation of 20109;

f. which manager, supervisor or coworker against whom the complaint was filed;

g. the current status of the claim; i.e., in investigation, settled or otherwise resolved; hearing in front of ALT; decision by ALJ; appeal to ARB; decision by ARB; appeal to Federal Court; decision by Federal Court.

**ANSWER**: Objection. This interrogatory is overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory requests information about every complaint for a period of seven years, involving claims having nothing to do with Talmage Dalebout, the person who is alleged to have committed the wrongdoing in this case, and involving completely different claims than the one at bar. Subject to this objection and the general objections, Defendant states that no other court or OSHA complaint alleging of a violation of § 20109(c)(1) has been made against Mr. Dalebout other than the present case.

**INTERROGATORY NO. 2**: What claims of 20109 violation have been made against Talmage Dalebout?

**ANSWER:** See the response to Interrogatory No. 1.

**INTERROGATORY NO. 3:** Was Talmage Dalebout reprimanded or disciplined in any fashion as a result of his conduct as it relates to Plaintiff, Jared Whitt, on June 28, 2012?

**ANSWER:** Yes.

**INTERROGATORY NO. 4:** Has Talmage Dalebout been promoted since June 28, 2012? If so, when and to what position(s)?

**ANSWER:** Yes. Mr. Dalebout was promoted to the position of Director, Track Maintenance in Fort Worth, Texas. His promotion was officially effective July 15, 2012, although Mr. Dalebout believes that he began performing that job 7-10 days before then.

**INTERROGATORY NO. 5:** Please describe in detail all training Talmage Dalebout has received relating to 20109, the date thereof, the content thereof, and please identify any training documents or other documents provided to Mr. Dalebout in any of that training.

**ANSWER:** Objection. This interrogatory is overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. It is impossible to accurately "describe in detail" the contents of training sessions. In addition, this interrogatory is temporally unlimited and is therefore improper. Subject to this objection and the general objections, during 2012, Mr. Dalebout received classroom training on 49 U.S.C. § 20109 on June 8, 2012, and December 20, 2012, that generally covered the acts prohibited by the statute, the enforcement procedures of the statute, and the remedies available to aggrieved employees. The training was conducted by Union Pacific in-house attorneys, and the training documents were prepared by those attorneys for the purpose of providing legal advice to the company. They are therefore privileged.

**INTERROGATORY NO. 6:** How many events (injuries, casualties, crossing accidents, fatalities, etc.) have occurred on any gang of which Mr. Talmage Dalebout has had any supervisory role since 2007 to date? For each such event, please state:

    a.    the date it occurred;

    b.    the circumstances of the event;

    c.    the determination by the Union Pacific Railroad as to why it occurred;

    d.    whether or not the "event" was reportable to the FRA;

    e.    why it was deemed reportable to the FRA;

    f.    how any such event affected Talmage Dalebout's performance evaluation, performance review, bonus, or in any other way affected any condition of his employment with Union Pacific Railroad.

**ANSWER:** Objection. This interrogatory is overly broad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Information about every injury that occurred involving any employee directly or indirectly supervised by Mr. Dalebout over a period of time exceeding seven years is irrelevant to the present lawsuit. In addition, information about why each incident occurred is not relevant. Moreover, it is impossible to capture all data regarding all "events" as defined in this interrogatory, because it would include minor matters (whether reported to supervisors or not) that did not require medical treatment and for which documentation may not exist.

Respectfully submitted,

THOMPSON COBURN LLP

By _____
Clifford A. Godiner, MO33702
Tabitha G. Davisson, MO58752
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6433
FAX 314-552-7433
cgodiner@thompsoncoburn.com

and

LAMSON, DUGAN & MURRAY, LLP

By: David J. Schmitt, #19123
10306 Regency Parkway Drive
Omaha, NE 68114
(402) 397-7300

Attorneys for Defendant
Union Pacific Railroad Company

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant's Responses to Plaintiff's Interrogatories to Defendant Relevant to Claim for Punitive Damages Under 20109(c) was served via U.S. Mail, first class postage prepaid, this 20th day of May 2014 to:

James L. Cox, Jr.
Brent Coon & Associates, PC
3801 E. Florida Ave., Suite 905
Denver, CO 80210-2500

_____

VERIFICATION

STATE OF NEBRASKA    )
                     )   ss
COUNTY OF DOUGLAS    )

Betsy S. Gassaway, being first duly sworn according to law, and upon oath, declares:

1. That Affiant is Director of Legal Support Services for Union Pacific Railroad Company upon which the Plaintiff's Interrogatories to Defendant Relevant to Claim for Punitive Damages Under 20109(c) were served and upon whose behalf Affiant makes this declaration.

2. That Affiant is authorized on behalf of Union Pacific Railroad Company to make this declaration and that Affiant has read the foregoing Interrogatories propounded to Defendant Union Pacific Railroad Company in the action entitled *Jared L. Whitt v. Union Pacific Railroad Company*.

3. That the Interrogatories seek information from Union Pacific Railroad Company, and that no one individual employee of this corporation has personal knowledge of the information so as to permit that one individual to fully and completely respond to all subjects addressed within these Interrogatories.

4. That while Affiant does not have personal knowledge of the facts cited therein, the information was collected and the responses were made only after a reasonable search for information relating to the subject Interrogatories.

5. Therefore, on information and belief, Affiant believes the attached Responses to the subject Interrogatories to be complete and accurate to the best of Affiant's knowledge, based upon the information available at this time.

FURTHER AFFIANT SAYETH NAUGHT.

IN WITNESS HEREOF, Union Pacific Railroad Company has caused the attached Responses to be executed on its behalf this 21st day of May, 2014 by:

_____
on behalf of Union Pacific Railroad Company

SUBSCRIBED TO AND SWORN before me this 21 day of May, 2014.

_____
Notary Public

**TAMMY POTTER**
General Notary
State of Nebraska
My Commission Expires Oct 25, 2015