## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JARED L. WHITT,** | |
| **Plaintiff,** | **8:12CV358** |
| **vs.** | |
| **UNION PACIFIC RAILROAD COMPANY,** | **ORDER** |
| **Defendant.** | |

This matter is before the court on the defendant's Motion to Continue Order Setting Final Schedule for Progression of Case (Filing No. 147). The plaintiff filed a brief (Filing No. 159), with evidence attached, in opposition to the motion. The defendant filed a brief (Filing No. 162) in reply.


## BACKGROUND

This case arises from injuries the plaintiff sustained while he was employed with the defendant. **See** Filing No. 54 - Second Amended Complaint. The plaintiff filed this action on October 5, 2012. **See** Filing No. 1. On September 24, 2013, the plaintiff filed a second amended complaint. **See** Filing No. 54. In the second amended complaint, the plaintiff alleges claims pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 based on suffering (1) an injury to his left arm on June 12, 2012, while manually lifting heavy bags as part of his employment as an anchor applicator machine operator (Claim 1) and (2) heat stroke on June 28, 2012 (Claim 2). *Id.* at 2-5. The plaintiff also alleges the defendant violated the Federal Railroad Safety Act, 49 U.S.C. § 20109(c)(1) when a supervisor denied, delayed, or interfered with the plaintiff's medical treatment (Claim 3). *Id.* at 6-8. Specifically, the plaintiff alleges he was on his way to the hospital for treatment of heat stroke when a supervisor called and required the plaintiff be returned to the job site to cool down. *Id.* at 7. The defendant denies liability for the plaintiff's claims. **See** Filing Nos. 61 and 115.

On April 22, 2014, the court scheduled several deadlines in the case including the discovery deadline for September 30, 2014. **See** Filing No. 126. The deadline for

disclosure of lay witnesses the parties expect to call at trial is August 29, 2014.  *Id.*  The expert witness disclosure deadlines passed and the court has resolved motions in limine regarding expert witnesses.  The trial is scheduled for December 15, 2014.  *Id.*  In July 2014, both parties filed motions for partial summary judgment.  **See** Filing Nos. 139 and 143.  At the same time, the defendant filed the instant motion for extension of time seeking to continue the remaining deadlines in the progression order for ninety days.  **See** Filing No. 147.

The defendant seeks to delay finalizing discovery and all deadlines in preparation for trial by ninety days based on the plaintiff's on-going medical treatment and medical status, specifically whether the plaintiff had reached maximum medical improvement (MMI).  *Id.*  The defendant sought updated medical records and witness information to attempt to complete discovery by the end of September.  *Id.*  The defendant's counsel stated he did not receive a response to his request for updated information from the plaintiff.  *Id.* at 2.

The plaintiff denies any continuance is necessary.  **See** Filing No. 159.  The plaintiff has been released to return to work without restrictions and has reached MMI. *Id.* at 1-2.  Nevertheless, the release was made verbally and the plaintiff had scheduled an August 11, 2014, physical examination with his doctor to discuss possible limitations. *Id.*  The plaintiff states ongoing discovery has been supplied, many of the necessary depositions are already scheduled, and the defendant has sufficient time to complete an independent medical evaluation (IME) prior to trial.  *Id.* at 3-4.

The defendant argues the plaintiff's recitation highlights the reasons for the continuance, specifically MMI was delayed from May to August and the defendant does not yet have the final medical records, which are necessary for review prior to scheduling an IME.  **See** Filing No. 162.  The defendant states it received 108 pages of medical records on August 8, 2014, and the plaintiff has seventeen medical and healthcare witnesses.  *Id.* at 3.  The defendant contends the circumstances make it "patently unfair" and impossible for the defendant to obtain and review the necessary discovery, arrange an IME, choose an expert, serve expert reports, and make such expert available for deposition under the current scheduling deadlines.  *Id.* at 3-4.

## ANALYSIS

The court will not grant the extension sought by the defendant at this time.  Rule 16(b)(4) requires the moving party show good cause justifying any modifications to a scheduling order.  **See** Fed. R. Civ. P. 16(b); ***Bradford v. DANA Corp.***, 249 F.3d 807, 809-10 (8th Cir. 2001); **see also** Fed. R. Civ. P. 6(b)(1); ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000) ("In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'") (paraphrasing Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).  Here, the defendant fails to provide good cause for the lengthy extension of time.

The court is sympathetic to the defendant's logical challenges, however the circumstances fail to support the requested extension.  The parties scheduled most of the relevant depositions and exchanged the bulk of evidence prior to the end of the discovery period.  Dispositive motions are pending.  While a few outstanding discovery issues may require special exceptions to the general discovery deadline, delay of trial is unnecessary.  There appear to be no concrete impediments to completing the majority of relevant discovery prior to the deadline.  The few discovery-related delays, which are likely to be resolved without court action, justify only a brief extension deadlines only as to those specific matters.  Upon consideration,

**IT IS ORDERED**:

The defendant's Motion to Continue Order Setting Final Schedule for Progression of Case (Filing No. 147) is granted in part and denied in part.

a.      The parties shall have an extension of time until **October 30, 2014**, to complete discovery related to the plaintiff's medical condition and IME.

b.      Although the parties shall comply with the previously imposed deadline to file witness lists, the parties shall have an extension of time until **September 30, 2014**, to supplement those lists, if necessary due to the plaintiff's recent medical evidence.

c.      The defendant's motion is denied in all other respects.

Dated this 15th day of August, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge