UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| JARED L. WHITT, ) | |
| ) | |
| Plaintiff, ) | Case No. 8:12-CV-00358 |
| ) | |
| v. ) | **REPLY IN SUPPORT OF MOTION** |
| ) | **FOR SUMMARY JUDGMENT** |
| ) | **ON THIRD CLAIM FOR RELIEF** |
| UNION PACIFIC RAILROAD CO., ) | |
| ) | |
| Defendant. ) | |

Pursuant to NECivR 56.1(a), Union Pacific's Opening Brief set forth the undisputed facts underlying the present Motion with specific citations to record evidence supporting those facts. Under NECivR 56.1(b), Plaintiff was required to state in his Opposition which of these facts he disputed, again with specific citations to the record. The rules are clear: "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." NECivR 56.1(b)(1) (emphasis in original).

Plaintiff's Opposition fails to respond to Union Pacific's Statement of Undisputed Facts. Thus, Plaintiff admits that his second claim for relief brought under the FELA asserts, in part, that Union Pacific violated the FELA due to an alleged delay in getting Plaintiff to the hospital after Manager Talmage Dalebout called Supervisor David Birt while Birt was transporting Plaintiff to the hospital. Facts, ¶¶ 5-8, 12. Plaintiff also admits that Dalebout's actions are the basis of his third claim for relief brought under 49 U.S.C. § 20109(c)(1). Facts, ¶ 18.

In plain and clear language, 49 U.S.C. § 20109(f) states that a plaintiff "may not seek protection under both this section and another provision of law for the same allegedly unlawful act of the railroad carrier." Despite admitting that his second and third claims seek relief based

6017886

on the same alleged actions by Dalebout, Plaintiff's Opposition makes one real argument: that § 20109(f) is inapplicable because his FELA claim alleges that Union Pacific negligently failed to maintain a safe workplace, while his § 20109(c)(1) claim alleges that Union Pacific denied, delayed, or interfered with his medical treatment.

As shown below, Plaintiff's argument is contrary to the plain statutory language. Congress was clear: a railroad employee cannot seek protection under both § 20109 and under another provision of law for the same unlawful act of the carrier. Here, the unlawful act – the one that Plaintiff claims was both negligent and in violation of § 20109(c)(1) – is Dalebout's telephone call that allegedly resulted in Plaintiff returning to the railyard rather than continuing to the hospital. The fact that Plaintiff claims that this alleged act was both negligent and violative of § 20109(c)(1) is meaningless – he is still seeking protection for the same unlawful act of the carrier. While Plaintiff cites non-controlling dicta to support his interpretation of § 20109(f), as shown below, the most authoritative decision on point comes from a district court within the Eighth Circuit that has ruled in Union Pacific's favor. Summary judgment is therefore proper.

## ARGUMENT

I.  **The Substance of Plaintiff's Allegations and Factual Support Must Be Considered In Order to Resolve Union Pacific's Motion**

Although Plaintiff urges the Court to ignore all of the specific facts related to this case, the issue currently before the Court requires application of the undisputed facts to the plain language of § 20109(f). As discussed above, Plaintiff has admitted each of the undisputed facts asserted by Union Pacific by failing to respond to them. NECivR 56.1(b)(1). The Eighth Circuit has upheld application of this Local Rule. Ballard v. Heineman, 548 F.3d 1132, 1133

(8th Cir. 2008) ("We follow the district court in considering [the defendants'] statements of fact in support of their motions for summary judgment 'deemed admitted' under Nebraska Local Civil Rule 56.1(b) because [the plaintiff] did not respond to those statements of fact."). By failing to respond to Union Pacific's Statement of Undisputed Facts, Plaintiff necessarily admitted to all of the following for purposes of the instant Motion:

- Birt was driving Plaintiff to the hospital when he received a call from Dalebout, who spoke to Plaintiff. Facts, ¶ 6.

- Dalebout asked if Plaintiff wanted to return to the railyard to go to the cooling tent. Facts, ¶ 7. After the call, Plaintiff told Birt that he felt better and wanted to return to the yard to the cooling station and Plaintiff was cooled at the cooling tent when they returned. Facts, ¶¶ 8-9. Birt gave Plaintiff several chances to continue to the hospital, but Plaintiff declined to do so. Facts, ¶ 8.

- Both Plaintiff's second and third claims for relief arise out of the events of June 28, 2012. Facts, ¶ 11.

- To support his second claim for relief under the FELA, Plaintiff relies on Dalebout's telephone call. Facts, ¶ 12. In fact, Plaintiff has offered expert testimony purporting to show that Dalebout's telephone call was negligent and in violation of Union Pacific policies. Facts, ¶¶ 13-17.

- To support his third claim for relief under § 20109(c)(1), Plaintiff also relies on Dalebout's telephone call that he claims violated that statutory provision. Facts, ¶ 18.

Plaintiff's Opposition claims that none of these facts are relevant to the present Motion. Union Pacific vehemently disagrees. When the Court denied Union Pacific's Motion to Dismiss

Plaintiff's § 20109 claim, it stated that it was doing so based on the pleadings and that Union Pacific could move for summary judgment if, after discovery, it believed that the election of remedies issue created by § 20109(f) was still an issue. (Dkt. 106, at 6). What discovery has established – as Plaintiff has admitted by not responding to Union Pacific's Statement of Undisputed Facts – is that Plaintiff is claiming that Dalebout's telephone call that he alleges violates § 20109(c)(1) also constitutes actionable negligence under the FELA. Application of the facts to the statutory language at issue here is necessary in order to determine whether Plaintiff may assert both his second and third claims for relief as a matter of law.

**II.     Plaintiff's Second and Third Claims Are Based On A Single Allegedly Unlawful Act**

The language of § 20109(f) prohibits a railroad employee from maintaining a claim under § 20109 if he or she is also seeking protection "under another provision of law for the same allegedly unlawful act of the railroad carrier." Here, Plaintiff runs afoul of this plain Congressional command by trying to maintain a § 20109 claim and a FELA claim based on the same alleged unlawful act of Dalebout, an act that Plaintiff claims was both negligent and a violation of § 20109(c)(1). Plaintiff's effort to circumvent this statutory language is to argue that his claims are not based on the same allegedly unlawful act. Specifically, he accuses Union Pacific of misstating his allegations and contending that his FELA claim is based on Union Pacific's alleged failure to maintain a reasonably safe workplace, while his third claim for relief asserts a denial, delay, or interference with Plaintiff's medical condition. Opposition, at 3. In making this argument, however, Plaintiff ignores the factual admissions that he made by not responding to Union Pacific's Statement of Undisputed Facts. It is undisputed that Plaintiff's FELA claim relies on an allegation that Dalebout's telephone call violated the standard of care

and Union Pacific policies. Facts, ¶¶ 12-17. It is that exact same conduct by Dalebout that forms the basis of Plaintiff's § 20109(c)(1) claim. Facts, ¶ 18. Union Pacific correctly asserted these facts in its initial Motion, and Plaintiff has not disputed them. Therefore, Plaintiff has admitted that the acts forming the basis for each claim are one and the same. This explains why OSHA rejected Plaintiff's § 20109(c)(1) claim as prohibited by § 20109(f). Facts, ¶ 20.

What Plaintiff suggests is that Dalebout's single act should actually be considered two separate acts – one that is negligent and another that violates § 20109(c)(1). Plaintiff's argument that one telephone call is actually two acts lacks common sense and has been rejected by another district court within the Eighth Circuit. In Serada v. Burlington N.S.F. Ry. Co., 2005 WL 5892133 (S.D. Iowa 2005), the court addressed the meaning of the "same allegedly unlawful act" provision of the election of remedies language then codified at 49 U.S.C. § 20109(d). As the Court directly held:

> The provision is addressed not to the character or motivation of the employer's allegedly unlawful act, but to the act itself. Accordingly, § 20109(d) allows an aggrieved railroad employee to pursue either a § 20109(c) proceeding alleging wrongful discharge for reporting an employer's safety violations or a claim alleging wrongful discharge for some other reason – disability discrimination, for example – but not both, as both would be predicated on the same unlawful act.

Id. at *4.[1] Serada therefore expressly rejects Plaintiff's suggestion that one unlawful act (in the Serada example, the termination of an employee) can be split into two acts (termination for reporting safety violations and termination due to unlawful discrimination) for purposes of the election of remedies language now found in § 20109(f).

---

[1] At the time Serada was decided, the election of remedies language appeared in § 20109(d). While the statutory language subsequently moved to § 20109(f), no substantive change occurred. Serada, 2005 WL 5892133 at *4 (quoting the pre-amendment language, then codified in § 20109(d) as follows: "An employee . . . may not seek protection under both this section and another provision of law for the same allegedly unlawful act of the carrier.").

Indeed, Plaintiff's reading of the "same allegedly unlawful act" provision of § 20109(f) would not even be consistent with the rest of his argument. In his brief, Plaintiff concedes that he could not bring a § 20109 claim and another whistleblower claim. Opposition, at 4 ("an employee can seek protection under only one whistleblower protection statute . . . ."). But, under Plaintiff's definition of the statutory phrase "the same allegedly unlawful act," an employee who reported both an injury and an unrelated incident of race discrimination and was subsequently terminated could bring a claim under 49 U.S.C. § 20109(a)(4) (alleging that he had been retaliated against for reporting an injury) and under Title VII of the Civil Rights Act of 1964 (alleging that he had been retaliated against for opposing race discrimination). Under Plaintiff's logic, the single act of discharging such an employee would actually be two separate "acts." Thus, Plaintiff's reading of the "same allegedly unlawful act" language in § 20109(f) is not only illogical, it violates even his own interpretation of the statute.

It is undisputed that both Plaintiff's second and third claims for relief are predicated on the same allegedly unlawful act by Dalebout that Plaintiff asserts was both negligent and in violation of § 20109(c)(1). Therefore, the election of remedies language is applicable. Plaintiff may continue to pursue his second claim for relief under the FELA, but the bringing of that action prohibits him from asserting his third claim for relief under § 20109(c)(1). Summary judgment in favor of Union Pacific on that third claim for relief is therefore proper.

### III. The Authority Cited By Plaintiff Is Inapplicable

Unable to persuasively contend that his duplicative claims are not barred by the plain language of § 20109(f), Plaintiff instead cites three dissimilar cases analyzing a plaintiff's ability to assert a § 20109 claim in addition to seeking arbitration under a collective bargaining

agreement between the railroad and his or her union.  Critically, in none of the cases cited by Plaintiff was a litigant attempting to do what Plaintiff attempts to do here – to bring a claim under § 20109 when he or she was also bringing suit under another federal statute for the same alleged unlawful act of the railroad.

For this reason, the cases cited by Plaintiff are inapposite.  In Reed v. Norfolk S. Ry. Co., 740 F.3d 420 (7th Cir. 2014), the court held that § 20109(f)'s prohibition of bringing a claim under § 20109 and "another provision of law" was not implicated when a plaintiff's union attempted to enforce the plaintiff's right under a collective bargaining agreement.  Id. at 424.  As the Reed court explained, a claim brought under a collective bargaining agreement only seeks to vindicate contractual rights – it is therefore not a claim brought under "another provision of law."  Id.

Plaintiff does not argue that Reed's holding is applicable to the present case.  Instead, Plaintiff urges the Court to go several steps further and to adopt dicta from Reed suggesting that § 20109(f) only applies if a plaintiff asserts a claim under § 20109 and another anti-retaliation or whistleblower statute.  Id. at 425-26.  As Union Pacific explained in its Opening Brief, Reed's dicta does violence to the plain language of § 20109(f).  Congress most certainly could have written § 20109(f) to state that a plaintiff could not seek protection under § 20109 and another whistleblower statute.  It did not.  Instead, Congress stated that a plaintiff may not seek protection under § 20109 and "another provision of law."  Plaintiff provides no answer to Union Pacific's argument that Reed's dicta violates the Supreme Court's admonition that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there."  Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992).

Plaintiff inaccurately claims that Reed's dicta had been earlier adopted by the court in Ratledge v. Norfolk S. Ry. Co., 2013 WL 3872793 (E.D. Tenn. July 25, 2013). Like Reed, Ratledge holds that a plaintiff is not seeking protection under "another provision of law" by pursuing contractual arbitration under a collective bargaining agreement. Id. at *13. Ratledge reaches this conclusion in part by stating that the word "another," as used in § 20109(f), should be read to mean something "similar in kind to § 20109." Id. at *12. This ruling does not endorse Reed's dicta; what made arbitration dissimilar to the § 20109 claim in eyes of the Ratledge court was that the former was contractual, while the latter was statutory. Id. at *13-14 ("Contractual rights, according to this definition, are not themselves provisions of *law*. They are agreements or promises for which the law provides a remedy if the agreement or promise is breached.") (emphasis in original). The Ratledge court never stated that § 20109(f) did not apply unless a plaintiff was pursuing both a § 20109 claim and a claim under another anti-retaliation statute.

The final case cited by Plaintiff, Norfolk S. Ry. Co. v. Solis, 915 F. Supp. 2d 32 (D.D.C. 2013), is even more afield. Solis involved a suit filed by Norfolk Southern Railway in federal district court to set aside a non-final order of the Administrative Review Board of the Department of Labor ("ARB") that found that § 20109(f) did not prohibit a plaintiff from bringing both a § 20109 claim while also pursuing contractual remedies under a collective bargaining agreement. Solis held that the district court lacked subject matter jurisdiction over the case because Congress had limited judicial review in § 20109 actions to final ARB orders, which were to be heard by the Courts of Appeals. 49 U.S.C. § 20109(d)(4); 29 C.F.R. § 1982.112. While the Supreme Court has recognized an exception to the exclusive jurisdiction

of the Courts of Appeals, Leedom v. Kyne, 358 U.S. 184 (1958), that exception is "extremely narrow," and applies only where the agency engages in a "gross violation" of its statutory duties and takes action "'so extreme' as to be 'jurisdictional or nearly so.'" 915 F. Supp. 2d at 42 (internal citations omitted). So long as the agency's position is "colorable," the district court lacks jurisdiction to hear the case. Id. at 45.

Applying this extremely limited standard, the Solis court held that it lacked subject matter jurisdiction to hear the case. It found that the ARB's decision allowing plaintiffs to bring § 20109 claims and also pursue contractual arbitration under a collective bargaining agreement was not clearly outside the ARB's jurisdiction. Unlike the present case, which requires this Court to actually decide the scope of § 20109(f), Solis only holds that the ARB's interpretation of § 20109(f) was "colorable."

Each of the three cases cited differ from Plaintiff's claims in a very important respect – Plaintiff has not sought to pursue arbitration under a collective bargaining agreement in addition to a claim under § 20109. Instead, Plaintiff seeks to pursue a claim under the FELA and under § 20109 for the same unlawful act, namely Dalebout's alleged telephone call to Plaintiff. This difference is significant because the holdings that pursuit of contractual remedies do not constitute seeking protection under "another provision of law" are irrelevant to the present case.

Plaintiff has not disputed that Congress could have structured § 20109(f) to provide that it only applied if a plaintiff sought protection under another whistleblower or anti-relational statute. United States v. Ron Pair Enters., 489 U.S. 235, 246 (1989) ("There is no reason to suspect that Congress did not mean what the language of the statute says."). Nor does Plaintiff even attempt to distinguish the Supreme Court's holding in Sebelious v. Cloer, 133 S.Ct. 1886,

1893 (2013), cited in Union Pacific's Opening Brief. In Cloer, the Supreme Court rejected an effort to limit applications for attorneys' fees to claims that had been brought in a timely manner. The Court held that, had Congress wished to limit fees petitions to timely claims, it would have said so in the statute. Because it did not, the Court could not read that limitation into the statute. Id.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Union Pacific respectfully requests that Summary Judgment on Plaintiff's Third Claim For Relief be granted.

Respectfully submitted,

THOMPSON COBURN LLP


By: /s/ Tabitha G. Davisson
    Clifford A. Godiner
    Tabitha G. Davisson
    One US Bank Plaza
    St. Louis, MO 63101
    (314) 552-6433
    FAX: (314) 552-7433
    cgodiner@thompsoncoburn.com
    tdavisson@thompsoncoburn.com

and

LAMSON, DUGAN & MURRAY, LLP

By: David J. Schmitt #19123
    10306 Regency Parkway Drive
    Omaha, NE 68114
    (402) 397-7300
    FAX: (402) 397-8450

Attorneys for Defendant
Union Pacific Railroad Company

## CERTIFICATE OF SERVICE

  I hereby certify that on August 19, 2014, I electronically filed the foregoing with the Court using the CM/ECF system, which will send notification of such filing, via electronic mail, to all attorneys of record for the Plaintiff.

                */s/ Tabitha G. Davisson*