IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JARED L. WHITT, | ) |
| Plaintiff, | ) CASE NO.: 8-12-CV-00358 |
| vs. | ) REPLY BRIEF IN SUPPORT OF |
| | ) PLAINTIFF'S MOTION |
| UNION PACIFIC R.R. CO., | ) FOR PARTIAL SUMMARY JUDGMENT |
| Defendant. | ) |

COMES NOW Plaintiff, Jared L. Whitt, by and through his attorney, James L. Cox, Jr., of BRENT COON & ASSOCIATES, and for his Reply in Support of Plaintiff's Motion for Partial Summary Judgment, states:

The Federal Railroad Safety Act (FRSA) 49 U.S.C. § 20109(c)(1), Prohibition, states:

"A railroad carrier or person covered under this section may not deny, delay, or interfere with the medical or first aid treatment of an employee who is injured during the course of employment. If transportation to a hospital is requested by an employee who is injured during the course of employment, the railroad shall promptly arrange to have the injured employee transferred to the nearest hospital where the employee can receive safe and appropriate medical care."

This subsection contains two distinct mandates: (1) the railroad cannot deny, delay, or interfere with medical treatment of an employee who is injured on the job; and (2) if the employee requests transportation to a hospital, the railroad shall promptly arrange to have the injured employee transported to the nearest hospital.

There may exist in the record a debate as to who suggested going to the hospital; whether or not Plaintiff asked to go to the hospital; and whether or not Plaintiff agreed to go to the cooling station. This debate is created by the testimony of Mr. Dalebout and Mr. Birt, the two employees of Defendant, Union Pacific Railroad, whose conduct in this matter is under greatest scrutiny, and whose conduct can lead to liability on the Union Pacific Railroad for violation of

1

20109(c)(1).  If the testimony of Mr. Birt or Mr. Dalebout is believed, that they left to the Plaintiff, who was in the throes of a heat illness and could not even hold the phone, the decision whether or not to go to the hospital, this evidences the lack of training, or inadequate training, that Union Pacific Railroad provided its supervisors and managers as to how to deal with an employee who is in the throes of a heat illness, heat stroke, or heat exhaustion.  However, Plaintiff concedes that this is a credibility issue; that it is for the jury to decide.

However, there can be no debate or dispute as to whether or not Manager Talmage Dalebout called Supervisor Dave Birt while Mr. Birt was driving Plaintiff to the hospital, and offered to Plaintiff the choice, or option, to continue to the hospital or go to the cooling station on the job site.

Plaintiff is claiming that Defendant, Union Pacific Railroad, violated the first mandate in 20109(c)(1).  If Talmage Dalebout, in the telephone call to Mr. Birt and in his conversation with the plaintiff, had only inquired of Plaintiff's condition, only verified what treatment was underway, his telephone call would not have violated the first mandate in 20901(c)(1).  In Defendant's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 166), response to Paragraph 5, Defendant concedes "Dalebout testified about that conversation as follows:  he asked Birt what was going on.  Birt reported that Plaintiff was overheated and that he was going to take him to the hospital, and Dalebout asked to speak with Plaintiff to ask him how he was doing."  If Dalebout's telephone conversation had ended there, there would be no violation of 20109(d)(1).

In Paragraph 6, Defendant admits that Mr. Birt was halfway to the hospital when Mr. Dalebout called him on his phone.

In response to Paragraph 8, Defendant admits "Dalebout testified to that conversation

2

(with Plaintiff) as follows:  Dalebout asked Plaintiff how he was feeling, and Plaintiff told him that he was not feeling good and that his hands and arms were kind of heavy or tingly. (*See* Exhibit 4 to Plaintiff's Index of Evidence in Support of Motion for Partial Summary Judgment (Doc. 142-4), Dalebout Dep., 43:6-44:12.)  Dalebout asked him if he wanted to go to the hospital or the cooling station…"

In Defendant's response to Paragraph 15, it states:  "Union Pacific admits that Dalebout gave Plaintiff the option of going to the hospital or going to the cooling station."

It is this conversation, this conduct, that interferes with Plaintiff's medical treatment and results in a delay of his medical treatment until 8:30 that evening, when Plaintiff is taken to the emergency room by his concerned roommate.

That Talmage Dalebout called Dave Birt while Mr. Birt was driving Plaintiff to the hospital; that Mr. Dalebout was advised that Mr. Birt was taking Plaintiff to the hospital; and that Talmage Dalebout gave Plaintiff the option of going to the hospital or going to the cooling station; is admitted, and not in dispute.

Plaintiff narrows the Court's inquiry for the purposes of his Motion for Partial Summary to this question:  Did the Union Pacific Railroad, through Talmage Dalebout, deny, delay, or interfere with the medical treatment of Plaintiff when he called Mr. Birt and learned that he was taking Plaintiff to the hospital, then spoke with the plaintiff, and offered to the plaintiff the option of going to the hospital or going to the cooling station?  Plaintiff submits that it cannot be disputed that Plaintiff was being driven to the hospital by Mr. Birt because of a heat-related illness and concern about a heart attack; that Mr. Dalebout was advised of that fact by Mr. Birt; and that Mr. Dalebout then posed to Plaintiff the option of going to the hospital or going to the cooling station at the job site.

Plaintiff submits that the only logical, and legal, conclusion is that if Mr. Dalebout had not called Mr. Birt, Mr. Birt would have continued to the hospital, and Plaintiff would have been seen in the emergency room within a few minutes of the call from Mr. Dalebout. Mr. Birt agrees that he should have just continued to the hospital. (*See* Exhibit 2 to Plaintiff's Index of Evidence in Support of Motion for Partial Summary Judgment (Doc. 142-2), Birt Dep., 31:18-32:10.)

Talmage Dalebout, in an apparent effort to justify his posing of the option to Plaintiff, describes the medical triage in which he engaged. Mr. Dalebout stated, "And I asked him if he, you know, felt like he wanted to go to the hospital or whether or not he wanted to go to start getting cooled down in the cooling tent. My concern was that if he was overheated that -- that we get him cooled down as quickly as possible in the cooling tent because even though he was already in Dave Birt's truck, typically, you know, when it gets hot the air conditioner sometimes don't work that well in the vehicles." (Dalebout Dep., 43:24-44:7.)

Mr. Dalebout has only first aid CPR-type training from the Union Pacific Railroad. He admits he is not qualified to make a decision based on a phone call as to a person's medical condition; that he has no medical training that he feels equips him to decide what medical treatment was appropriate for Mr. Whitt under those circumstances. (Dalebout Dep., 48:18-49:6.)

Mr. Dalebout's thinking that it might be better to cool Plaintiff down in the cooling station rather than in Mr. Birt's truck, or that Plaintiff could be cooled down quicker in the cooling station than in Mr. Birt's truck, amounts to an exercise of medical triage by Mr. Dalebout, for which he is not remotely qualified. Regardless of the legitimacy of his motives, or concern, his posing of this option to Plaintiff it is clearly an interference with Plaintiff's medical treatment that resulted in a delay in Plaintiff receiving appropriate medical care.

Finally, Plaintiff needs to address Footnote 2 on Page 26 of Defendant's Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment. The statement in Footnote 2 by counsel for Defendant, Union Pacific Railroad, given the facts of this case, demonstrates for the Court why Congress found it necessary to pass 20109(c)(1). In this case, Plaintiff was already being taken to the hospital by a supervisor who was concerned that Plaintiff was having a heat-related heart attack. Mr. Dalebout was advised of this fact by Mr. Birt. <u>Any</u> discussion by Mr. Dalebout with Mr. Whitt after that as to whether or not "he needs to go to the hospital, get some other kind of medical care, or is all right without any treatment" is the type of discussion specifically prohibited by 20109(c)(1), Mr. Duffy's instructions to his managers, and the FRA's guidelines addressing what conduct is inappropriate and prohibited under 20109(c)(1).

In the face of the clear language of 20109(c)(1) and Mr. Duffy's instructions and the FRA interpretation of the requirements of 20109(c)(1), the defendant still makes the argument that it made in Footnote 2.

## **CONCLUSION**

For the reasons set forth above, Plaintiff asks the Court to enter summary judgment that, as a matter of law, Defendant violated the first mandate in 20109(c)(1). Plaintiff seeks a ruling of the Court by summary judgment that, as a matter of law, Union Pacific Railroad interfered with and delayed the medical treatment of Plaintiff, who suffered a heat injury during the course of his employment.

Signed at Denver, Colorado this 26th day of August, 2014.

s/James L. Cox, Jr.
James L. Cox, Jr., Nebraska Bar #20223
Attorney for Plaintiff
BRENT COON & ASSOCIATES
3801 E. Florida Ave., Suite 905

5

        Denver, CO  80210-2500
        Telephone: (303) 756-3243
        Fax: (303) 756-3595
        jim.cox@bcoonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2014, I electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David J. Schmitt, Esq.
LAMSON, DUGAN & MURRAY, LLP
10306 Regency Pkwy. Dr.
Omaha, NE  68114
dschmitt@lmdlaw.com

Clifford A. Godiner, Esq.
Tabitha G. Davisson, Esq.
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO  63101
cgodiner@thompsoncoburn.com
tdavisson@thompsoncoburn.com

        s/James L. Cox, Jr.
        James L. Cox, Jr.